Entered: December 29th, 2023
Signed: December 29th, 2023

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
*Baltimore Division*

| | |
|---|---|
| IN RE:<br>Tiera Jones<br>*(fka Tiera York, fka Tiera York Jones, aka Tiera D. York, aka Tiera York Jones)*<br>DEBTOR(S) | CHAPTER    13<br><br>CASE NO.    23-12851-DER |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR, UPLAND MORTGAGE LOAN TRUST, A<br>MOVANT,<br>Vs..<br><br>Tiera Jones<br><br>DEBTOR(S), | |

**CONSENT ORDER MODIFYING AUTOMATIC STAY ON REAL PROPERTY LOCATED AT 7205 BOGLEY ROAD #302, WINDSOR MILL, MD 21244**

WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR, UPLAND MORTGAGE LOAN TRUST, A, (hereinafter "Movant") and Tiera Jones, (hereinafter "Debtor") each by and through counsel, reached an agreement in this matter, as follows. No

1

other parties-in-interest has filed a response to the motion for relief from stay consequently does not object to the relief requested.

WHEREAS the parties stipulate that the total post-petition amount due under this Order is as follows:

| | |
|---|---:|
| October 1, 2023 through November 1, 2023 | $1,527.44 |
|     Post-Petition Payments of $763.72 each | |
| *Less funds in suspense* | *$1.28* |
| MFR Legal Fee | $1,050.00 |
| MFR Filing Cost | $188.00 |
| Total: | $2,764.16 |

The parties further stipulate that Movant is a secured creditor of the Debtor and Movant's claim is based upon a certain promissory note ("Note") dated June 19, 2006, and repayment under the Note is secured by a Deed of Trust recorded among the land records of Baltimore County, Maryland.

Upon review of the Motion for Relief from Automatic Stay (ECF No. 21) filed herein by Movant, it is hereby,

ORDERED that the automatic stay is MODIFIED, pursuant to 11 U.S.C. § 362(d) to permit Movant to initiate action with regard to the property located at 7205 BOGLEY ROAD #302, WINDSOR MILL, MD 21244, (the "Property"), including but not limited to the commencement or continuation of foreclosure proceedings as permitted by state law and pursuant to the terms of the Deed of Trust, to obtain or transfer title to the Property, and to allow the successful purchaser to take action permitted by state law to obtain possession of same; and it is further,

ORDERED that the above order is STAYED, provided the Debtor:

1. Makes the regular monthly payment of $763.27 on or before December 1, 2023, and

on the 1st day of each month thereafter, as they become due, pursuant to the terms of the Note or any past or future loan modification agreement secured by the Deed of Trust on the Property; and,

    2.    Makes additional payment to Movant in the amount of $307.13 (said figure represents 1/9th of Debtor's post-petition arrearage) on or by December 15, 2023, and continues making payments of $392.00, on or before the 15th day of each month and every month thereafter, including a final payment due in the amount of $307.12 on or before August 15, 2024; and, it is further,

    ORDERED that all payments required under this Order shall be made payable to:

Carrington Mortgage Services, LLC  
1600 South Douglass Road, Suite 200-A  
Anaheim, CA 92806-5948

    ORDERED that if any payment or portion of any payment required to be made hereunder is not received by Movant by the date that it is due, including any payment due on or after December 1, 2023, the Debtor shall be deemed to be in default under this Order. In such event, Movant's attorney shall file a Notice of Default with this Court stating the amount due and shall mail a copy of said notice to the Debtor and to Debtor's attorney. If the Debtor does not (i) cure the default by paying the amount stated in the notice, or (ii) file an objection in which the Debtor contests the amount of the default and request a hearing thereon, within fifteen (15) days of the date of the notice, the automatic stay of 11 U.S.C. § 362(a) shall terminate without any further proceeding in this Court and Movant shall be free to initiate action against the Property, including, but not limited to, commencement of foreclosure action; and it is further,

ORDERED that any cure of the Notice of Default must include all amounts set forth therein, as well as any payments which may have subsequently become due under the terms of this Order and that are due at the time Debtor tenders funds to cure the default; and it is further,

ORDERED that the acceptance of partial payment by the Movant during the cure period shall not constitute satisfaction or waiver of the Notice of Default and the automatic stay shall terminate upon the expiration of the fifteen (15) day cure period in the absence of complete cure of the default, notwithstanding partial payment; and it is further,

ORDERED that in the event Debtor defaults pursuant to the terms contained herein, the Movant shall be entitled to reasonable attorney fees for issuance of each Notice of Default, and any additional fees for the issuance of a subsequent Notice of Termination of Automatic Stay; and it is further,

ORDERED that upon the filing of the third such notice of default, the automatic stay shall immediately terminate without further opportunity to cure and Movant shall be free to initiate action against the Property, including but not limited to commencement of foreclosure proceedings; and it is further,

ORDERED that in the event Debtor converts this case to a case under Chapter 7 of the U.S. Bankruptcy Code, the automatic stay provided for under § 362(a) shall be terminated as to the Debtor's interests and the bankruptcy estate's interest, effective the date of conversion without any further proceeding in this Court; and it is further,

ORDERED that the provisions set forth in this Order shall apply to any subsequent assignee of the Movant and/or their successors in interest; and it is further,

ORDERED that if the holder of any other Deed of Trust on the Property obtains relief from the automatic stay, then the Movant herein shall automatically be granted relief from the automatic stay; and it is further,

ORDERED that the fourteen (14) day stay of relief pursuant to Fed. Rule Bankr. P. 4001(a)(3) is hereby waived.

[signatures on following page]

**SEEN AND AGREED:**

| | |
|---|---|
| _/s/ Diana C. Theologou_ | /s/ Jeffrey M. Sirody |
| Diana C. Theologou, MD Fed. Bar No. 14284 | **Jeffrey M. Sirody** |
| McMichael Taylor Gray, LLC | Jeffrey M. Sirody and Associates, P.A. |
| 3550 Engineering Drive, Suite 260 | 1777 Reisterstown Road |
| Peachtree Corners, GA 30092 | Suite 360 E |
| (404) 474-7149 | Baltimore, MD 21208 |
| dtheologou@mtglaw.com | (410) 415-0445 |
| *Counsel for Movant* | Email: smeyers5@hotmail.com |
| | Counsel for Debtor |

## **CERTIFICATION OF DEBTOR'S ATTORNEY**

I HEREBY CERTIFY that I approve of the foregoing Consent Order Modifying Automatic Stay and that its terms have been provided to the Debtor, who consents to the terms provided therein.

    _/s/_ Jeffrey M. Sirody
**Jeffrey M. Sirody**
*Counsel for Debtor*

**CERTIFICATION OF CONSENT**

      I HEREBY CERTIFY that the terms of the Consent Order Modifying Automatic Stay submitted to the Court are identical to those set forth in the original; and the signatures represented by the __/s/__ on this copy references the signatures of the consenting parties on the original consent order.

                                                                */s/ Diana C. Theologou*
                                                                Diana C. Theologou
                                                                *Counsel for Movant*

cc:

Diana C. Theologou
McMichael Taylor Gray, LLC
3550 Engineering Dr.
Suite 260
Peachtree Corners, GA 30092

Tiera Jones
7205 Bogley Rd., Unit 302
Windsor Mill, MD 21244

Jeffrey M. Sirody
Jeffrey M. Sirody and Associates, P.A.
1777 Reisterstown Road
Suite 360 E
Baltimore, MD 21208

Brian A. Tucci
Chapter 13 Trustee
P.O. Box 1110
Millersville, MD 21108

                                          **END OF ORDER**